UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| | ) |
| v. | ) Criminal No. 22-10325-FDS |
| | ) |
| (1) LAWRENCE MICHAEL NAGLE, | ) |
| a/k/a "Mikey," | ) |
| Defendant. | ) |

## PRELIMINARY ORDER OF FORFEITURE

**SAYLOR, D.J.**

WHEREAS, on April 24, 2024, a federal grand jury sitting in the District of Massachusetts returned an eleven-count Superseding Indictment charging defendant Lawrence Michael Nagle, a/k/a "Mikey," (the "Defendant"), and others, with Conspiracy to Distribute and to Possess with Intent to Distribute Controlled Substances, in violation of 21 U.S.C. § 846 (Count One); Possession with Intent to Distribute 500 Grams or More of a Mixture or Substance Containing a Detectable Amount of Methamphetamine; Aiding and Abetting, in violation of 21 U.S.C. §§ 841(a)(1) and (b)(1)(A)(viii); 18 U.S.C. § 2 (Count Two); Possession with Intent to Distribute 50 Grams or More of a Mixture or Substance Containing a Detectable Amount of Methamphetamine; Aiding and Abetting, in violation of 21 U.S.C. §§ 841(a)(1) and (b)(1)(B)(viii); 18 U.S.C. § 2 (Count Three); Possession with Intent to Distribute Oxycodone, in violation of 21 U.S.C. §§ 841(a)(1) and (b)(1)(C) (Count Five); Possession of a Firearm in Furtherance of a Drug Trafficking Crime, in violation of 18 U.S.C. § 924(c)(1)(A)(i) (Count Six); Possession with Intent to Distribute 400 Grams or More of Fentanyl; Aiding and Abetting, in violation of 21 U.S.C. §§ 841(a)(1) and (b)(1)(A)(vi); 18 U.S.C. § 2 (Count Seven); Possession of a Firearm in Furtherance of a Drug Trafficking Crime; Aiding and Abetting, in violation of 18 U.S.C. § 924(c)(1)(A)(i); 18 U.S.C. § 2 (Count Eight); Felon in Possession of

Firearm and Ammunition; Aiding and Abetting, in violation of 18 U.S.C. § 922(g)(1); 18 U.S.C. § 2 (Count Nine); Possession with Intent to Distribute Fentanyl and Methamphetamine; Aiding and Abetting, in violation of 21 U.S.C. §§ 841(a)(1) and (b)(1)(C); 18 U.S.C. § 2 (Count Ten); and Money Laundering Conspiracy, in violation of 18 U.S.C. § 1956(h) (Count Eleven);[1]

WHEREAS, the Superseding Indictment included a Drug Forfeiture Allegation, pursuant to 21 U.S.C. § 853, which provided notice that the United States would seek forfeiture, upon conviction of the Defendant of the offenses set forth in Counts One through Four of the Superseding Indictment, of any property constituting, or derived from, any proceeds obtained, directly or indirectly, as a result of such offenses; and any property used, or intended to be used, in any manner or part, to commit, or to facilitate the commission of, such offenses;[2]

WHEREAS, the Superseding Indictment also included a Money Laundering Forfeiture Allegation, pursuant to 18 U.S.C. § 982(a)(1), which provided notice that the United States would seek forfeiture, upon conviction of the Defendant of the offense in violation of Title 18, United States Code, Section 1956, set forth in Count Eleven of the Superseding Indictment,[3] of any property real or personal, involved in such offenses, and any property traceable to such property;

WHEREAS, the property to be forfeited included, but was not limited to, the following:

---

[1] The Defendant was not charged in Count Four of the Superseding Indictment.

[2] Numerous properties were named as forfeitable in the Drug Forfeiture Allegation of the Superseding Indictment in this case. In the instant motion, the United States now moves to forfeit only those properties that are specifically associated the Defendant.

[3] The Money Laundering Forfeiture Allegation of the Superseding Indictment incorrectly identified the applicable Count in violation of 18 U.S.C. § 1956 as Count Ten.

    a.    The real property located at 212 Hamilton Street, Saugus, Massachusetts, including all buildings, appurtenances, and improvements thereon, more fully described in a Deed recorded with the Southern Essex County Registry of Deeds on August 21, 2020, in Book 38848, Page 558;

WHEREAS, the Superseding Indictment further provided that, if any of the above-described forfeitable property, as a result of any act or omission by the Defendant, (a) cannot be located upon the exercise of due diligence; (b) has been transferred or sold to, or deposited with, a third party; (c) has been placed beyond the jurisdiction of the Court; (d) has been substantially diminished in value; or (e) has been commingled with other property which cannot be divided without difficulty, it is the intention of the United States, pursuant to 21 U.S.C. § 853(p), and pursuant to 18 U.S.C. § 982(b), incorporating 21 U.S.C. § 853(p), to seek forfeiture of any other property of the Defendant, up to the value of the property described above;

WHEREAS, several of the assets named as specifically forfeitable from the Defendant in the Superseding Indictment have been administratively forfeited by the United States Drug Enforcement Administration and are no longer available for forfeiture in the instant criminal case;

WHEREAS, the specific properties named as directly forfeitable from the Defendant in the Superseding Indictment, which the United States intends on forfeiting from the Defendant in the instant case include, without limitation, the following:

    a.    All assets held in TD Ameritrade account *****5425, held in the name of LAWRENCE MICHAEL NAGLE, a/k/a "Mikey;"

    b.    Assorted designer sunglasses, seized on October 25, 2022, from the residence of LAWRENCE MICHAEL NAGLE, a/k/a "Mikey;" and

    c.    The real property located at 212 Hamilton Street, Saugus, Massachusetts, including all buildings, appurtenances, and improvements thereon, more fully described in a Deed recorded with the Southern Essex County Registry of Deeds

3

     on August 21, 2020, in Book 38848, Page 558 (the "212 Hamilton Street Real
     Property")

(collectively, the "Properties");

  WHEREAS, on April 2, 2025, at a hearing pursuant to Rule 11 of the Federal Rules of Criminal Procedure, the Defendant pled guilty to Counts One through Three, Five through Seven, and Nine through Eleven of the Superseding Indictment;[4]

  WHEREAS, during the plea hearing, the United States gave a recitation of the facts, referenced the Properties to be forfeited from the Defendant, and referenced how the Properties to be forfeited constituted, or were derived from, proceeds the Defendant obtained, directly or indirectly, as a result of the offenses to which he pled guilty, in violation of 21 U.S.C. §§ 846 and 841; represented that the Properties were used, or intended to be used, in any manner or part, to commit, or to facilitate the commission of, the offenses to which the Defendant pled guilty, in violation of 21 U.S.C. §§ 846 and 841; and indicated how the 212 Hamilton Street Real Property represented property, real or personal, involved in the offenses to which the Defendant pled guilty in violation of 18 U.S.C. § 1956, or was property traceable to such property;

  WHEREAS, the Defendant did not object, and therefore, the Defendant consented to the forfeiture of all of his interests in the Properties;

  WHEREAS, in light of the Defendant's guilty plea and admissions during the April 2, 2025 plea hearing, the United States has established the requisite nexus between the Properties and the offenses to which the Defendant pled guilty in Counts One through Three, Five through Seven, and Nine through Eleven of the Superseding Indictment, and accordingly, the Properties

---

[4] The United States dismissed Count Eight of the Superseding Indictment.  See Docket No. 972.

are subject to forfeiture to the United States pursuant to 21 U.S.C. § 853 and 18 U.S.C. § 982; and

WHEREAS, pursuant to 21 U.S.C. § 853, 18 U.S.C. § 982(a)(1), and Rule 32.2(b)(2) of the Federal Rules of Criminal Procedure, the United States is now entitled to a Preliminary Order of Forfeiture against the Properties.

ACCORDINGLY, it is hereby ORDERED, ADJUDGED, AND DECREED that:

1. The Court finds, pursuant to Rule 32.2(b)(1) of the Federal Rules of Criminal Procedure, that the United States has established the requisite nexus between the Properties and the offenses to which the Defendant pled guilty.

2. Accordingly, all of the Defendant's interests in the Properties are hereby forfeited to the United States of America for disposition pursuant to 21 U.S.C. § 853 and 18 U.S.C. § 982.

3. Pursuant to Rule 32.2(b)(3) of the Federal Rules of Criminal Procedure, the United States is hereby authorized to seize the Properties and maintain them in its secure custody and control.

4. Pursuant to 21 U.S.C. § 853(n)(1), and 18 U.S.C. § 982(b), incorporating 21 U.S.C. 853(n)(1), the United States shall publish, for thirty (30) consecutive calendar days on the government forfeiture website www.forfeiture.gov, notice of the Preliminary Order of Forfeiture and notice of the United States' intent to dispose of the Properties.

5. Pursuant to 21 U.S.C. § 853(n)(1), and 18 U.S.C. § 982(b), incorporating 21 U.S.C. 853(n)(1), the United States shall give, to the extent practicable, direct written notice to any person known to have alleged an interest in the Properties to be forfeited.

6. Pursuant to 21 U.S.C. § 853(n)(2) and (3), and 18 U.S.C. § 982(b), incorporating

21 U.S.C. 853(n)(2) and (3), the notice referred to above shall state: (a) that any person, other than the Defendant, asserting a legal interest in the Properties shall, within sixty (60) days after the first day of publication on the government forfeiture website or within thirty (30) days after receipt of actual notice, whichever is earlier, file a petition with the United States District Court in Boston, Massachusetts, requesting a hearing to adjudicate the validity of his or her interest in the Properties; and (b) that the petition shall be signed by the petitioner under the penalty of perjury and shall set forth the nature and extent of the petitioner's right, title, or interest in the Properties, the time and circumstances of the petitioner's acquisition of the right, title, or interest in the Properties, any additional facts supporting the petitioner's claim, and the relief sought.

7. Pursuant to 21 U.S.C. § 853(n)(7), and 18 U.S.C. § 982(b), incorporating 21 U.S.C. 853(n)(7), following the Court's disposition of all petitions filed under 21 U.S.C. § 853(n)(6), or if no such petitions are filed following the expiration of the period provided in 21 U.S.C. § 853(n)(2) for the filing of such petitions, the United States of America shall have clear title to the Properties.

8. Upon adjudication of all third-party interests, this Court will enter a Final Order of Forfeiture against the Properties, pursuant to 21 U.S.C. § 853, 18 U.S.C. § 982, and Rule 32.2(c) of the Federal Rules of Criminal Procedure, in which all interests will be addressed.

9. The Court shall retain jurisdiction in this case for the purpose of enforcing this Order.

10. Pursuant to Rule 32.2(b)(4) of the Federal Rules of Criminal Procedure, this Preliminary Order of Forfeiture will become final as to the Defendant at the time of his

sentencing, will be part of the Defendant's criminal sentence, and will be included in the criminal judgment entered by this Court against him.

Dated:   9/30/2025

/s/ F. Dennis Saylor, IV
F. DENNIS SAYLOR IV
United States District Judge



Certified to be a true and correct copy of the original
Robert M. Farrell, Clerk
U.S. District Court
District of Massachusetts

By: *Melonie Cooke*
Deputy Clerk

Date:   9/30/2025